**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KARAMO B. KABA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Cause No. 01-CV-150-WDS** |
| | ) |
| **WARDEN STEPP, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**MEMORANDUM & ORDER**</u>

**STIEHL, District Judge:**

Before the Court is a Report and Recommendation of United States Magistrate Judge

Philip M. Frazier (Doc. 240) addressed to four separate motions for summary judgment filed by

defendants David Benson (Doc. 207), Joseph Yonkman (Doc. 210), Earnest Stepp (Doc. 211),

and Mickal Laird (Doc. 213). The Magistrate Judge has recommended that the Court grant in

part and deny in part the motions for summary judgment. Defendants Benson, Stepp, and

Yonkman, as well as plaintiff, have filed objections (Docs. 243, 244, 245, 246). Plaintiff has

filed a response to defendant Benson's objection (Doc. 247), as well as to defendant Yonkman's

objection (Doc. 251). Defendant Benson has filed a response to plaintiff's objection (Doc. 250).

Defendant Laird has not filed an objection to the recommendation. This Court will conduct a *de

novo* review of those portions of the record to which objections were made. 28 U.S.C.

§ 636(b)(1).

<u>**BACKGROUND**</u>

Plaintiff Karamo Kaba's cause of action arises from an alleged inmate assault that

occurred on February 23, 2001. In December of 1998, plaintiff Karamo Kaba was transferred to

the United States Penitentiary at Marion, Illinois (USP Marion), where he was confined until

March of 2001. In the Fall of 2000, plaintiff was assigned to the B Unit at USP Marion, where defendant Mickal Laird was his case manager. Plaintiff alleges that, shortly after being assigned to B Unit, Laird began harassing him.[1] Laird allegedly called plaintiff a "snitch" and threatened that, if the other inmates in B Unit did not "encourage" plaintiff to stop filing administrative grievances, Laird would retaliate against those other inmates. Plaintiff alleges that Laird also asked inmates James Barnett and Homer Richards to hurt plaintiff for filing grievances.

Plaintiff alleges that he was attacked in February of 2001. Before the attack, he informed defendants Warden Earnest Stepp and Captain David Benson of the harassment that he faced from Laird. Stepp assured plaintiff that he would investigate the matter, but warned plaintiff not to file additional administrative remedy requests. Stepp then investigated the matter personally. He spoke with plaintiff and other inmates housed in B Unit, including inmates Richards and Barnett. Richards and Barnett assured Stepp that plaintiff was not facing a risk of harm. Stepp, nonetheless, reassigned Laird to the honor camp outside of USP Marion.

In December of 2000, at the request of Stepp, defendant Yonkman conducted an investigation regarding Laird's conduct and reported his results to Stepp. Despite plaintiff asserting that he feared for his safety while on B Unit, Stepp, Benson, and Yonkman did not place plaintiff in protective custody or administrative detention, or remove him from the general inmate population in some other manner.[2] The record reveals that Stepp, Benson, and Yonkman

---

[1] Defendant Laird's harassment allegedly included, *inter alia*, telling plaintiff to wear tight pants, threatening to lock him up, denying him stamps and administrative remedy forms and seizing Kaba's tennis shoes.

[2] Plaintiff has established that he told defendants Stepp, Benson, and Yonkman that he feared for his safety and that he needed protection. Kaba Dep. (Ex. G) at 61 ("I told Warden Stepp . . . Laird is paying people trying to harm me. I need out of here and I need you to put me in segregation, whatever you have to do, do it"), 82-83 ("I told Benson that I have [a] problem with Laird and they're trying to get people to beat me up. I said, will you please move me out of this unit. Try to get me transferred, do whatever you can . . . I just told him, get me out of here, give me protection . . . whatever you have to do . . ."), 122-24 ("I said to him [Yonkman], I fear of my life . . . I [said] I

each had the authority to either place plaintiff in or recommend administrative detention, but none of them exercised that authority.

On February 23, 2001, plaintiff was allegedly attacked in his B Unit cell by another inmate and a prison official. Because plaintiff was locked in his cell at the time of the attack, one of the guards would have had to unlock plaintiff's cell door to allow the attackers, inmate Kenneth LeGrand and a prison guard named "Huckelberry," inside of the cell. The record reveals that, as a result of the attack, plaintiff sustained injuries, including unconsciousness, temporary blindness, a medial orbit fracture, head trauma, bruises, and lacerations.

On November 9, 2007, Kaba filed an amended complaint in this Court naming Warden Earnest Stepp, Captain David Benson, Special Investigative Agent Joseph Yonkman, and Case Manager Michal Laird as defendants. Of the four counts in the amended complaint, only Count II states a claim against Stepp, Benson, and Yonkman and seeks recovery against them for their alleged role in violating plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.[3] Defendants Stepp, Benson, and Yonkman each seek summary judgment on Count II. (Docs. 207, 210, 211).

## ANALYSIS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter

need protection . . .").

[3] Counts I and II seek recovery for violations of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Count I names defendant Mickal Laird and Count II names defendants Stepp, Benson, and Yonkman. Counts III and IV seek recovery against defendant Laird for assault and battery and for civil conspiracy, respectively.

of law." FED. R. CIV. P. 56(c). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## I. Defendant Stepp

Count II of the amended complaint alleges that Stepp violated plaintiff's Eighth Amendment rights by failing to protect him from violence at the hands of another inmate. *Washington v. LaPorte County Sheriff's Dep't.*, 306 F.3d 515, 517 (7th Cir. 2002). To establish an Eighth Amendment failure to protect claim, plaintiff must show that: (1) he suffered an injury; (2) he was "incarcerated under conditions posing a substantial risk of serious harm;" and (3) a prison official exhibited "deliberate indifference" to that substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Clearly, plaintiff can show that he suffered an injury. Therefore, to determine if defendant Stepp is entitled to summary judgment, the Court must determine if genuine issues of material fact exist with respect to elements two and three, substantial risk of serious harm and deliberate indifference. *Id.*

Stepp argues that plaintiff cannot establish that he faced a substantial risk of serious harm because his locking plaintiff alone in his cell eliminated the threat of harm from his fellow inmates. The magistrate has recommended that the Court find that plaintiff faced a risk of harm even if he was locked alone in his cell. A reasonable jury could conclude that, at some point, plaintiff would need to leave his cell (i.e., to shower, eat, recreate, file an administrative grievance, contact legal counsel, etc.) and could be subject to attack from a fellow inmate.

4

Therefore, for purposes of summary judgment, there is a genuine issue of material fact on the second *Farmer* element. *Id*.

Stepp next argues that plaintiff cannot establish that Stepp exhibited deliberate indifference. The uncontroverted facts in this case show that, in response to the notification he received from plaintiff regarding defendant Laird's threats, Stepp took the following actions: (1) he ordered Yonkman to conduct an investigation into plaintiff's allegations; (2) he interviewed both plaintiff and inmates in B Unit, including Rogers and Barnett; (3) he removed Laird from inside USP Marion; (4) he kept plaintiff locked alone in his cell.

Plaintiff argues that showing defendant Stepp took *some* action does not preclude liability. *See Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006). Plaintiff would have this court find that a jury must decide whether Stepp's actions prove reasonable in light of the risk that plaintiff faced. *See id.*; *see also Farmer*, 511 U.S. at 847. The magistrate has recommended that this Court conclude, from Stepp's failure to place plaintiff in administrative segregation or to otherwise separate him from the inmates house in B Unit, that a jury could reasonably infer that Stepp's actions were unreasonable. However, the party resisting summary judgment must go beyond the pleadings and "affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *East-Miller v. Lake County Highway Dep't*, 421 F.3d 558, 567 (7th Cir. 2005) (quoting Beard v. Whitley County REMC, 840 F.2d 405, 410 (7th Cir. 1998) (internal quotation marks omitted)).

The Court notes that, in the general run of civil law cases, questions involving the reasonableness of a defendant's actions invoke a negligence standard. However, cases involving a failure to protect claim arising under the Eighth Amendment apply the "deliberate

indifference" standard, which requires a showing of more than merely negligent or even grossly negligent behavior. *Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."). Rather, the prison official must have acted with the equivalent of criminal recklessness. *Id.* at 836 ("It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk."). To act criminally reckless, a prison official must "consciously disregard" a substantial risk of serious harm. *Id.* (citing Model Penal Code § 2.02(2)(c)).

The record is clear: instead of consciously disregarding plaintiff's prayers for protection, Stepp readily acknowledged the risk of harm facing plaintiff and interceded to reduce that risk of harm. Plaintiff argues that Stepp's failure to place plaintiff in administrative segregation, even when coupled with Stepp's other actions, was criminally reckless because his decision not to segregate plaintiff deviated from protocol or common practice at USP Marion. But Stepp's decision *not* to follow common practice, alone, is not enough to constitute criminal recklessness. *Porter v. Helbling*, 2001 U.S. App. LEXIS 19827 **7 (7th Cir. Sept. 4, 2001) (failure to follow correctional institution policy constitutes negligence, but not criminal recklessness, in an Eighth Amendment failure to protect case).[4]

Simply put, plaintiff has not established a genuine issue of material fact that Stepp's failure to place plaintiff in administrative detention constitutes deliberate indifference. The actions of defendant Stepp simply do not amount, under applicable Seventh Circuit standards, to

---

[4]The uncontroverted facts in this case demonstrate that this attack involved an unidentified prison guard who unlocked plaintiff's cell door. Plaintiff has failed to show how placing plaintiff in administrative segregation would have prevented this prison-guard-assisted attack from occurring. In other words, plaintiff has failed to demonstrate a genuine factual issue that requires trial.

criminal recklessness. Accordingly, the Court **SUSTAINS** defendant Stepp's objection and **REJECTS** the recommendation of the Magistrate Judge. The Court **FINDS** that plaintiff cannot establish that Stepp's acts were deliberately indifferent to plaintiff's risk of substantial harm and, therefore, **GRANTS** defendant Stepp's motion for summary judgment on Count II of the complaint. (Doc. 211).

## II. Defendant Benson

At the time of the alleged attack, Benson was a Captain assigned to USP Marion. He last worked inside USP Marion on February 11, 2001, and, due to a leave of absence, was not present on February 23, the date of plaintiff's alleged attack. When Benson returned from annual leave on January 2 or 3, 2001, he was told that defendant Laird had been moved to the honor camp outside USP Marion. The record reveals that Benson believed that defendant Laird's reassignment removed the alleged threat posed by his conduct. Accordingly, he did not exercise his authority either to recommend or to place plaintiff in protective custody.

Benson seeks summary judgment on Count II and argues that plaintiff cannot establish that he was deliberately indifferent to plaintiff's substantial risk of serious harm. Plaintiff argues that defendant Benson's failure to exercise his authority to recommend or to place plaintiff in administrative custody establishes that he was deliberately indifferent.

Benson's decision not to move plaintiff to administrative segregation after he learned that defendant Laird had been reassigned to a position outside of USP Marion was not a criminally negligent one. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).[5] Plaintiff's bare assertion

---

[5] "To raise an Eigth Amendment issue, the infliction [of punishment] must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Id.* (citing Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1995)).

that Benson should have had plaintiff placed in administrative detention is simply not enough to demonstrate criminal negligence. Accordingly, the Court **SUSTAINS** Benson's objection and **REJECTS** the recommendation of the Magistrate Judge. The Court **FINDS** that plaintiff cannot establish that Benson's acts were deliberately indifferent to plaintiff's risk of substantial harm and, therefore, **GRANTS** Benson's motion for summary judgment on Count II of the complaint. (Doc. 211).

### III. Defendant Yonkman

The record reveals that Yonkman was ordered by defendant Stepp to investigate plaintiff's allegations against defendant Laird. During Yonkman's investigation, inmates Barnett and Richards told him that Laird had approached each of them and asked them to assault plaintiff. Yonkman concluded that the threat plaintiff faced from Laird had been neutralized because Barnett and Richards told him that they would not follow Laird's orders and because Stepp had removed Laird from inside USP Marion.

Yonkman seeks summary judgment on the grounds that plaintiff cannot establish that he exhibited deliberate indifference to the risk of harm that plaintiff faced. Yonkman's investigation, coupled with Stepp's actions, yielded information supporting his belief that the threat defendant Laird posed to plaintiff had been diffused. Plaintiff argues that Yonkman's failure to recommend that plaintiff be placed in administrative segregation alone constitutes deliberate indifference.

Ultimately, Yonkman's decision not to recommend administrative segregation for plaintiff was not a criminally negligent one. *Snipes*, 95 F.3d at 590. Plaintiff's bare assertion that Yonkman should have recommended that plaintiff be placed in administrative detention is

simply not enough to create a genuine issue of material fact that defendant Yonkman exhibited deliberate indifference. Accordingly, the Court **SUSTAINS** defendant Yonkman's objection and **REJECTS** the recommendation of the Magistrate Judge. The Court **FINDS** that plaintiff cannot establish that Yonkman's acts were deliberately indifferent to plaintiff's risk of substantial harm and, therefore, **GRANTS** Yonkman's motion for summary judgment on Count II of the complaint. (Doc. 210).

Unfortunately for plaintiff, "not every injury within a prison is an Eighth Amendment violation." *Farmer*, 511 U.S. at 835; *see Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Plaintiff has succeeded only in establishing that he suffered an injury and that defendants Stepp, Benson, and Yonkman may have failed to choose the best course of action to prevent that injury. But the "deliberate indifference" standard "ensures that the mere failure of the prison official[s] to choose the best course of action does not amount to a constitutional violation." *Farmer*, 511 U.S. at 844. Defendants Stepp, Benson, and Yonkman decided not to place plaintiff in administrative custody, but their failure was not criminally reckless and, therefore, they do not incur constitutional liability.

## IV. Defendant Laird

Defendant Laird seeks summary judgment and argues (1) that he is entitled to qualified immunity and (2) that plaintiff cannot establish a causal connection between Laird's conduct and plaintiff's injuries.

The record reveals that Laird told plaintiff's fellow inmates that plaintiff was a snitch and ordered them to harm plaintiff for filing excessive grievances. Therefore, there is a genuine question as to material fact, and a reasonable jury could find that Laird's actions, if true, violated

plaintiff's Eighth Amendment rights. Summary judgment is, accordingly, not appropriate on his claim of qualified immunity. Similarly, the record reveals that Laird's actions including the solicitation of inmates to harm plaintiff created a risk of danger to plaintiff that existed even after Laird was removed from within USP Marion. A reasonable jury could infer from Laird's solicitations that the attack on plaintiff occurred as a result of Laird's conduct, even if the attack involved inmates other than those Laird solicited. Therefore, granting Laird summary judgment on these grounds would also be improper. Accordingly, the Court **DENIES** defendant Mickal Laird's motion for summary judgment (Doc. 213).

## CONCLUSION

Upon review of the record, the Court **SUSTAINS** defendants' objections and **REJECTS** the Report and Recommendation of Magistrate Judge Phillip M. Frazier (Doc. 240). The Court **GRANTS** the motions for summary judgment filed by David Benson (Doc. 207), Joseph Yonkman (Doc. 210), Earnest Stepp (Doc. 211), and judgment is entered in favor of defendants David Benson, Joseph Yonkman and Earnest Stepp and against plaintiff Karamo B. Kaba on Count II of the Second Amended Complaint. Defendant Stepp's alternate motion for judgment on the pleadings (Doc. 208) is **DENIED** as moot.

The Court **DENIES** defendant Mickal Laird's motion for summary judgment on all grounds raised (Doc. 213).

**IT IS SO ORDERED.**

**DATED:  September 3, 2008.**


**s/      WILLIAM D. STIEHL**
                    **DISTRICT JUDGE**